IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Clarence Lewis Odom, #276580, ) | Civil Action No. 8:05-482-25-BHH |
| ) | |
| Petitioner, ) | **REPORT OF MAGISTRATE JUDGE** |
| ) | |
| vs. ) | |
| ) | |
| Jon Ozmint, SCDC Director; and Henry ) | |
| McMaster, Attorney General for South ) | |
| Carolina, ) | |
| ) | |
| Respondents. ) | |
| ) | |

The petitioner, Clarence Lewis Odom, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.  The respondents have filed a motion for summary judgment seeking dismissal of the petition.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this Magistrate Judge is authorized to review post trial petitions for relief and submit findings and recommendations to the District Court.

## PROCEDURAL HISTORY AND FACTS PRESENTED

### CONVICTION AND DIRECT APPEAL

The record reveals that the petitioner is currently incarcerated in the Perry Correctional Institution of the South Carolina Department of Corrections pursuant to orders of commitment from the Clerk of Court of York County.  The petitioner was indicted at the March 22, 2001 term of the Court of General Sessions for possession of crack cocaine. (Record on Appeal at 25.)  The petitioner was also indicted at the May 24, 2001 term of the Court of General Sessions for distribution of crack cocaine and distribution of crack cocaine within proximity of a school.  (Record on Appeal at 21-24.)  On July 9, 2001, the petitioner appeared before the Honorable John C. Hayes, III and entered a guilty plea on all three charges.  (Record on Appeal at 10-11.)  He was sentenced to terms of five (5) years for possession of crack cocaine - 3rd, fifteen (15) years for distribution of crack cocaine - 3rd,

and fifteen (15) years for crack cocaine within proximity of a school, all running concurrent. (Record on Appeal at 18-19.)

The petitioner filed a timely Notice of Appeal, alleging only that he did not understand the facts of the case in relation to the applicable law.  On August 28, 2002, the South Carolina Court of Appeals entered its opinion dismissing the appeal.  *State v. Clarence Lewis Odom, a/k/a Pete Lewis Odom*, No. 2002-UP-532 (S.C. Ct. App. August 28, 2002).  The petitioner did not petition for writ of certiorari to the South Carolina Supreme Court.

**PCR APPLICATION**

The petitioner filed a *pro se* application for post-conviction ("PCR") relief on February 19, 2003 (03-CP-46-462), alleging various infirmities with his conviction.  Letters submitted by the petitioner reveal  that a Stephen Shusterman was appointed to represent the petitioner.[1]  On December 1, 2004, the respondents made a return to the Petition for Post-Conviction Relief.

Between March and August of 2004, the petitioner wrote letters to the South Carolina Attorney General, the Honorable Lee S. Alford, and two letters to his appointed counsel. (*See* Exs. to Petitioner's Obj. Mot. Summ. J.)  In September 2004, Judge Alford responded to the petitioner by letter, indicating that a backlog of PCR cases existed and that the hearing would not be set before December of the same year.  (Ex. to Petitioner's Obj. Mot. Summ. J., Letter from Alford to Odom, dated September 7, 2004.) That same month, Shusterman responded to the petitioner by letter and indicated that both he and Judge Alford would be contacting the Attorney General's office to inquire about the status of the hearing.  (Ex. to Petitioner's Obj. Mot. Summ. J., Letter from Shusterman to Odom,

---

[1]    The respondents claim that a Garth H. White was appointed to represent the Petitioner but the record does not appear to corroborate that representation.

dated September 4, 2004.)  As of the date of this recommendation, the Court is unaware

that any PCR hearing has been held.

### FEDERAL HABEAS CORPUS PETITION

On February 25, 2005, the petitioner filed a Petition for Writ of Habeas Corpus

pursuant to 28 U.S.C. § 2254.  The sole ground for relief in his petition is as follows:

> The state is Inordinately Delaying an
> Evidentiary Hearing on Petitioner's
> Application for Post-Conviction Relief.
>
> The petitioner filed his Application for Post-
> Conviction Relief on February 13, 2003;
> Consequently, almost eighteen (18) months
> has elasped [sic] since his filing without an
> evidentiary hearing and without any
> explanation for this delay.  Petitioner has
> more than a reasonable probility [sic] of
> obtaining relief based on the grounds raised
> in his PCR Application, and this delay
> violates his procedural and substantive Due
> Process Rights.

(Habeas Petition at 5.)

The respondents filed a return and motion for summary judgment on April 18,

2005, alleging that the petitioner's PCR hearing is forthcoming, his claim is not cognizable

under Section 2254, and state remedies have not been exhausted.

## LAW AND ANAYLSIS

### Liberal Construction of *Pro Se* Complaint

The petitioner brought this action *pro se*. This fact requires that his pleadings be

accorded liberal construction.  *Estelle v. Gamble*, 429 U.S.97 (1976); *Haines v. Kerner*, 404

U.S. 519 (1972); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir.1978); *Gordon v. Leeke*, 574

F.2d 1147 (4th 1978).  *Pro se* pleadings are held to a less stringent standard than those

drafted by attorneys.  *Hughes v. Rowe*, 449 U.S. 5 (1980) (per curiam). Even under this

less stringent standard, however, the *pro se* Complaint is still subject to summary dismissal.

The mandated liberal construction means only that if the court can reasonably read the

3

pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir.1999). A court may not construct the petitioner's legal arguments for him. *Small v. Endicott*, 998 F.2d 411 (7th Cir.1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985).

### SUMMARY JUDGMENT STANDARD OF REVIEW

The requirement of liberal construction does not mean that the court can assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. *See* Fed. R. Civ. P. 56(c). The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

## **DISCUSSION**

It is not precisely clear what relief the petitioner seeks and on what basis. Odom's petition contains no substantive grounds for overturning his actual conviction. Instead, he complains that the *delay* in the state PCR process has violated his procedural and substantive due process. As an initial matter, while such a delay *may* constitute a violation of due process under certain circumstances, it is not a basis for reversal of his conviction or his release from prison, the traditional remedy sought under Section 2254. *See U.S. v.*

4

*Johnson*, 732 F.2d 379 (4th Cir. 1984) (citing *Layne v. Gunter*, 559 F.2d 850, 851 (1st Cir.1977) (inordinate delay in the adjudication of a post-conviction remedy may work a denial of due process cognizable in federal habeas corpus but would not warrant release of prisoner)); *see also Ward v. Freeman*, No. 94-6424, 1995 WL 48002, at *1 (4th Cir. Feb. 8, 1995) ("Furthermore, 'undue delay in processing an appeal may rise to the level of a due process violation.'").

Rather, the remedy for any ineffectiveness of, or inordinate delay in, the state PCR process would be to consider the claims in the habeas petition on their merits, notwithstanding a failure to exhaust state remedies.  *See Ward*, 1995 WL 48002, at *1 ("The remedy for the violation of Ward's due process is to remand the case to the district court with instructions to consider the petition on its merits."); *Mathis v. Hood*, 851 F.2d 612, 614-15 (2d Cir.1988) (remanding case to district court to address merits of petitioner's due process claim because available state remedies were ineffective due to extraordinary delays which infect state court); *Burkett v. Cunningham*, 826 F.2d 1208, 1222 (3d Cir.1987) (stating that normal remedy for a due process violation is not discharge, but the court should attempt to counteract any resulting prejudice demonstrated by petitioner).  The petitioner, however, has made no claims in the present petition challenging his conviction, which could be considered in order to remedy any ineffective state process.

Normally, a habeas applicant would raise inordinate delay in the PCR process not as an affirmative ground for relief, like the petitioner has done, but as a shield against the government's accusation that he has failed to exhaust all state remedies as required by 28 U.S.C. § 2254(b)(1)(A). An applicant can be excused from the exhaustion requirement where circumstances exist that render the state corrective process ineffective to protect his rights.  28 U.S.C. § 2254(b)(1)(B)(ii).  For instance, "[s]tate remedies may be rendered ineffective by inordinate delay or inaction in state proceedings." *Ward v. Freeman*, No. 94-6424, 1995 WL 48002, at *1 (4th Cir. Feb. 8, 1995) (holding that fifteen-year delay

5

rendered petitioner's state remedies ineffective and negated exhaustion requirement) (unpublished); *see also Mathis v. Hood*, 851 F.2d 612, 612-13 (2d Cir.1988) (holding five and one-half year delay rendered state remedies ineffective); *Wojtczak v. Fulcomer*, 800 F.2d 353, 354 (3d Cir.1986) (holding thirty-three month delay rendered state remedy ineffective).   If a court concludes that a delay has rendered state process ineffective, it could proceed to the merits of an applicant's claims.

Under the teachings of this circuit and the foregoing precedents, all of which involve substantially longer delay than is at issue in this case, the Court would not be inclined to recommend that the delay in the petitioner's PCR application is inordinate. Regardless, the Court could not remedy the delay even if it concluded otherwise because the petitioner has failed to plead any substantive grounds for relief from his conviction, which could be considered.   It appears, however, that the Court need not go so far.

In his "objections" to the respondents' motion for summary judgment the petitioner ostensibly clarifies the relief he seeks:  "The purpose of the petitioner pursuit of the Habeas Corpus Civil Action 28 U.S.C. § 2254 is to compel the state court to allow the petitioner a hearing on his P.C.R. case and all claims stated therein."  (Petitioner's Obj. Mot. Summ. J. at 2.)  The petitioner continues, "[T]he petitioner . . . hereby request [sic] for thsi [sic] court to . . . issue a 'order' from the United States District Court advising the respondents to have a hearing on all claims set forth in the petitioners pending P.C.R. Civil Action . . . ."  *Id.*

The petitioner's request for an order compelling his PCR hearing, however, is not cognizable under Section 2254 but, instead, is in the nature of mandamus.  It is dubious, however, that the Court even has jurisdiction to entertain such a request.  *See Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586 (4th Cir. 1969) (holding court of appeals and district court lack jurisdiction to grant mandamus relief and order state court to produce trial transcript).  Notwithstanding, the Court certainly lacks "authority to issue a writ of mandamus directing a state court or its judicial officers in the performance of their

duties," including the compulsion of a PCR hearing.  *See Woods v. Weaver*, No. 00-2310, 13 Fed. Appx. 304 (6th Cir. June 15, 2001) (rejecting petitioner's writ of mandamus to compel Michigan court to consider post-conviction motion on the merits) (citing *Haggard v. State of Tenn.*, 421 F.2d 1384, 1386 (6th Cir.1970); *White v. Ward*, 145 F.3d 1139, 1140 (10th Cir.1998)); *In re Austin*, No. 01-6288, 8 Fed. Appx. 253, 254 (4th Cir. May 7, 2001) ("Federal courts have no general power to compel action by state courts.")

Accordingly, the Court lacks authority, jurisdictionally or otherwise, to grant the requested relief.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, it is recommended that the respondents' motion for summary judgment be granted and the habeas petition dismissed.

IT IS SO RECOMMENDED.

s/Bruce H. Hendricks
United States Magistrate Judge

November 7, 2005
Greenville, South Carolina

7